# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Michael Demetrius Atkins,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:22cv1354 (LMB/LRV) |
| ) | |
| **Commonwealth of Virginia,** ) | |
| Respondent.[1] ) | |

## **MEMORANDUM OPINION**

Michael Demetrius Atkins ("Petitioner" or "Atkins"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of the Circuit Court of the City of Portsmouth, Virginia's December 11, 2018 order revoking his previously suspended sentences for his 2011 convictions of robbery and obtaining money by false presentences. The respondent has filed a Rule 5 Answer and a Motion to Dismiss with supporting briefs and exhibits [Dkt. Nos. 15–17], and Petitioner has responded. [Dkt. No. 18].[2] For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice.

---

[1] Harold W. Clarke, the Director of the Virginia Department of Corrections, by counsel, has moved this Court to substitute him as party respondent in his official capacity. [Dkt. No. 15] at 1 n.1. Because Harold W. Clarke is the person who has custody of petitioner and is the proper party respondent pursuant to 28 U.S.C. §§ 2242, 2243, the motion to substitute will be granted, and the docket will be amended to reflect that he is the respondent in this matter.

[2] Petitioner filed a motion to dismiss respondent's motion to dismiss on August 14, 2023 arguing that respondent had failed to comply with the Court's March 9, 2023 order to have the state court records forwarded to the Court for its use in reviewing the petition for a writ of habeas corpus. [Dkt. No. 22]. The requested state court records were filed with the Clerk on June 29, 2023, July 12, 2023, and July 13, 2023. Therefore, the motion will be denied.

# I. Procedural History

On May 23, 2011, Atkins pleaded guilty to obtaining money by false pretenses, in violation of Virginia Code § 18.2–178, and by order dated August 9, 2011 the court sentenced him to five years in prison with one year and eight months suspended. Case No. CR11–331–01.[3] On July 12, 2011, Atkins pleaded guilty to robbery, in violation of Virginia Code § 18.2–58, and was sentenced that same day to ten years in prison with nine years suspended. Case No. CR11–518–01. Atkins did not appeal either conviction.

On June 14, 2013, Atkins was released from custody and began serving supervised probation. (CCT at 3).[4] His probation officer filed a Major Report of Violation on May 2, 2016, which was updated several times. (CCT at 1–8, 32-39, 41–49). Following an evidentiary hearing on December 10, 2018, during which Atkins, who was represented by counsel, testified, the circuit court found that Atkins had violated probation and revoked the remaining three years and four months of Atkins' suspended sentence for obtaining money by false presentences and all nine years of his suspended sentence for robbery. The court then resuspended five years of the nine-year term for robbery and ran the sentences concurrent with one another.[5] The judgment order was issued on December 11, 2018. [Dkt. No. 16–1] at 2.

---

[3] Atkins also pleaded guilty to attempting to obtain money by false pretenses, Case No. CR11–331– 02. The circuit court's August 9, 2011 order sentenced him to one year and eight months in prison, which was run concurrent with the obtaining money by false pretenses sentence. The sentence for the attempt to obtain money by false pretenses appears to have been satisfied and is not challenged in the petition. [Dkt. No. 1] at 1.

[4] References to the state court manuscript record are denoted as "CCT at ___."

[5] At the revocation hearing, the probation officer testified that Atkins had failed to report as required, had a positive drug screen, admitted to using marijuana, had incurred new charges, had at least two misdemeanor convictions on November 5, 2018, and several charges pending in other courts at the time of the hearing, December 10, 2018. [Dkt. 16–7] at 8–18.

Atkins, by counsel, appealed the decision to the Court of Appeals of Virginia arguing that the trial court abused its discretion in sentencing him to four years' active incarceration "due to the minimal nature" of his "infractions" while on probation. [Dkt. No. 16–3] at 14. On September 20, 2019, a judge of the Court of Appeals of Virginia denied the petition for appeal finding the alleged sentencing error was defaulted because there had been no objection during the revocation hearing. Atkins v. Commonwealth, Record No. 0055–19–1; [Dkt. No. 16–3 at 32–33] (citing Va. Sup. Ct. Rule 5A:18). On November 6, 2019, a three-judge panel adopted the reasoning of the September 20, 2019 decision and denied Atkins' petition. Id. at 38.

Atkins, by counsel, next appealed to the Supreme Court of Virginia. Atkins v. Commonwealth, Record No. 191638, raising the same allegation of error. The court refused the petition for appeal on July 23, 2020. [Dkt. No. 16–4] at 8, 48.

On October 17, 2019, Atkins sought reconsideration of his sentence in the circuit court. (CCT at 93). That motion was denied by an order entered on June 9, 2021. [Dkt. No. 16–5]. Atkins did not appeal the denial of his motion for reconsideration. [Dkt. No. 1] at 5. Atkins filed two subsequent motions to reconsider and court staff twice informed him, by letter, that the motions raised issues previously considered by the court in its June 9, 2021 order, and enclosed a copy of the June 9, 2021 order with each letter. [Dkt. No. 16–6]. Atkins has not appealed these decisions and has not filed a state petition for a writ of habeas corpus related to his December 11, 2018 probation revocation judgments.

## II. Petitioner's Federal Claims

On November 14, 2022,[6] more than one year after his probation was revoked, Atkins filed his federal habeas petition pursuant to 28 U.S.C. § 2254, in which he raises two grounds for relief:

1) "Violation of 14th Amendment due process. Trial court violated my due process rights by first not recusing trial judge from the case after rejecting the plea offer jointly by Commonwealth and defense, after doing so the defendant ask that trial judge may be recused due to bias and prejudicial reasons, the trial judge denied the motion. Second counsel asked for a continuance due to lack of preparation. Trial judge denied the motion. Counsel did not have defendant's case file present and the trial judge made defendant's counsel proceed with opposing parties' case file which was the prosecuting attorney case file."

2) "Violation of 6th Amendment right to a fair trial. Defendant states that he was not given a fair trial due to the fact that his counsel did not have case files present to proceed properly and trial judge made counsel proceed with the files of the prosecuting attorney."

[Dkt. No. 1] at 5, 7.[7]

## III. Statute of Limitations

Respondent moves the Court to dismiss the federal habeas petition as untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petition for a writ of habeas corpus must be dismissed if it is filed more than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have

---

[6] The petition indicates it was placed in the prison mailing system on November 14, 2022. [Dkt. No. 1] at 15.

[7] The Fourth Circuit has held that a district court "must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." See Folkes v. Nelsen, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); Frey v. Schuetzle, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

4

been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Here, Atkins' direct appeal concluded on July 23, 2020 when the Supreme Court of Virginia refused his petition for appeal. Because Atkins did not petition the United States Supreme Court for a writ of certiorari, his conviction became final for the purposes of § 2244(d)(1) 150 days after the Supreme Court of Virginia refused his appeal, or on Monday, December 21, 2020. See Miscellaneous Order, 589 U.S. ___, 2020 U.S. LEXIS 1643 (U.S. March 19, 2020) (ordering "the deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing"), rescinded, Miscellaneous Order, 594 U.S. ___, 2021 U.S. LEXIS 3591 ** (U.S. July 19, 2021); see also Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Atkins had one year from that date, or until Monday, December 21, 2021, to file his § 2254 petition.

Atkins filed three motions for reconsideration in the circuit court and such motions may in some circumstances constitute a collateral application for relief that tolls the one-year limitation period under § 2244(d)(2). See Owens v. Ray, No. 3:16cv112, 2016 U.S. Dist. LEXIS 161275, *8 (E.D. Va. Nov. 21, 2016) (discussing Wall v. Kholi, 562 U.S. 545, 559 (2011)). The first motion for reconsideration was sent to the circuit court on October 17, 2019, (CCT at 93), and denied by the court on June 9, 2021. The record establishes the motion for consideration was

5

filed before December 21, 2020 and therefore was pending before the statute of limitations began to run. Accordingly, the federal statute of limitations did not begin until June 9, 2021, allowing for the expiration of the time to note an appeal.

A second motion to reconsider was filed in the circuit court on January 4, 2022, and a third motion was filed on August 1, 2022. Because these two motions repeated issues the circuit court had denied on June 9, 2021, court staff simply sent Atkins a letter explaining the repetitious nature of his motions and enclosed a copy of the June 9, 2021 order. Because the circuit court did not enter an order denying the second or third motions for reconsideration, the motions are deemed pending, and the statute of limitations has been tolled. See Kosko v. Ramser, 857 S.E.2d 914, 916 (Va. 2021) (explaining that it is "the firmly established law of this Commonwealth that a trial court speaks only through its written orders").

In calculating the one-year period, the Court must exclude the time during which properly filed state collateral proceedings are pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). While Va. Sup. Ct. R. 1:1 provides that a circuit court has jurisdiction to enter orders modifying a sentence within 21 days of the entry of judgment, Virginia Code § 19.2-303 allows a court to modify a sentence up until a defendant is transferred to the Virginia Department of Corrections.

The letters to Atkins from the circuit court staff regarding the second and third motions for reconsideration indicate that Atkins was still in the local jail on January 22, 2022 and August 2, 2022. (CCT at 104, 116). The envelope Atkins used to mail the habeas petition to this Court, which was filed on November 23, 2022, indicates that he was in the custody of a local jail, the Virginia Beach Correctional Center. [Dkt. No. 1-3]. Indeed, respondent's pleadings were served on Atkins at the local jail, and his most recent filing with the Clerk on August 14, 2023 indicates

6

that he is still in the local jail. The record does not establish that Atkins has ever been transferred to the Virginia Department of Corrections. See Neely v. Commonwealth, 604 S.E.2d 733, 735 (Ct. App. Va. 2004) (holding a circuit court had jurisdiction under Code § 19.2-303 because "the evidence did not establish that the defendant had been transferred to the custody of the Virginia Department of Corrections"), aff'd, 624 S.E.2d 657 (Va. 2006). Accordingly, the second and third motions for reconsideration were properly filed, and, because they are still pending, the statute of limitations remains tolled. On this record, the respondent has not established that the federal petition is time-barred.

### IV. Exhaustion and Default

The respondent argues that Petitioner's claims are simultaneously exhausted and defaulted because he never presented his claims to the Supreme Court of Virginia and that, therefore, the petition should be dismissed. A federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "To [exhaust his claims], the petitioner must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501–02 (4th Cir. 2002) (citation omitted). "A habeas petitioner is generally barred from obtaining federal habeas review of a claim if he failed to exhaust the claim in state court." Morva v. Zook, 821 F.3d 517, 532 (4th Cir. 2016) (citation omitted). It is Atkins' burden to demonstrate he has exhausted his claims. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In addition, exhaustion requires not only that a claim must be exhausted but also that the facts upon which a petitioner relies must have been exhausted as well. The requirement that facts be exhausted is an important aspect of exhaustion under the AEDPA, which limits federal habeas "review under § 2254(d)(1) . . . to the record that was before the state court that adjudicated the

7

claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). In the Fourth Circuit, the reasonableness of a state court decision is evaluated "'in light of the evidence presented in the State court proceeding.'" Porter v. Zook, 898 F.3d 408, 443 (4th Cir. 2018) (citation omitted).

Atkins' two claims for relief in this Court —1) that the judge refused to recuse himself and denied counsel's motion for a continuance; and 2) that he was denied a fair hearing because the circuit court required counsel to proceed with the revocation proceeding without her file— have not been presented to the Supreme Court of Virginia.[8] On direct appeal in the Supreme Court of Virginia, Atkins alleged only that the circuit court abused its discretion in revoking probation and imposing an active sentence of four years, and that the Court of Appeals of Virginia erred in applying Rule 5A:18 to bar review of his claim that the circuit court abused its discretion in imposing an active four year sentence. [Dkt. No. 16–4] at 8. Consequently, the two § 2254 claims Atkins brings before this Court are simultaneously exhausted and defaulted because they could not now be brought in state court. See Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006). If Atkins attempted to raise his two § 2254 claims now in state court the claims

---

[8] The trial court record does not support Atkins' claims. The transcript of the revocation proceeding does not indicate that any motion for recusal was made and denied; that a motion for a continuance was made and denied; or that Atkins' counsel was ordered to proceed without her file. To the contrary, the trial judge asked Atkins' counsel if she was ready to proceed, and counsel responded, the "[d]efense is ready." [Dkt. No. 16–7] at 3. Moreover, Atkins testified on his own behalf at the revocation hearing and he did not bring up any of the matters he now alleges, and in fact admitted to the violations stating "I don't say that I am not guilty of" the violations. Id. at 19. Atkins' admission that he violated the terms of his probation required his counsel to admit that Atkins was "in violation" and then argue in mitigation that Atkins had assisted the Commonwealth by cooperating in other cases, and she asked the circuit court to consider that the two new convictions were only misdemeanors. Id. at 25–26. Counsel also had to admit that Atkins had failed to report, and he had tested positive for drugs. Id. at 26–27. Not surprisingly, the trial judge found Atkins in violation of the terms of his probation. Id. at 35. When provided with a further opportunity to address the court before the sentence was imposed, Atkins reiterated that he was "not trying to say [he was] not guilty of nothing," and asked the court to have "mercy on [him]." Id. at 35, 38.

would be deemed procedurally barred as untimely under the state statute of limitations, Virginia Code § 8.01–654(A)(2); or barred by the rule of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because they are non-jurisdictional claims alleging that the trial court erred and they could have been raised at trial and on direct appeal, but were not. Virginia Code § 8.01–654(A)(2), is an independent and adequate state procedural rule that bars federal review. Walker v. Martin, 562 U.S. 307, 321 (2011) (state statutes of limitations may be an independent and adequate state law ground barring federal habeas review); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (finding claims simultaneously exhausted and defaulted in federal habeas actions because claims not presented in state court would now be time barred by adequate and independent grounds under Virginia Code § 8.01–654(A)(2)). Accordingly, all of Atkins' claims are deemed simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932, 936–37 (4th Cir. 1990) (an unexhausted claim that would be held to be defaulted if the petitioner were to return to state court is deemed simultaneously exhausted and defaulted for purposes of federal habeas review).

A federal court may review a claim that is deemed simultaneously exhausted and defaulted if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2005). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991). To show "prejudice," a petitioner must show that an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170

(1982) (emphasis removed). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Although ineffective assistance of counsel may be sufficient to establish cause to excuse a default, see Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Slavek v. Hinkle, 359 F. Supp. 2d 473, 480 (E.D. Va. 2005),

> where a petitioner for federal habeas relief seeks review of claims defaulted during state habeas proceedings, he must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it. Edwards, 529 U.S. at 452–53.

Powell v. Kelly, 531 F. Supp. 2d 695, 723 (E.D. Va. 2008), aff'd, 562 F.3d 656 (4th Cir. 2009).

In his opposition to the motion to dismiss, Atkins argues that his appellate counsel failed to consult with him as to what issues should be raised on appeal. Atkins, however, did not raise any claims of ineffective assistance of appellate counsel in state court, and hence those allegations are defaulted as well. Atkins has not established cause to explain why his claims of trial court error were not presented to the Supreme Court of Virginia, and his petition will be dismissed.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 15] will be granted, and the petition will be dismissed by an order to be issued with this Memorandum Opinion.

Entered this 6th day of October 2023.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge